IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLACKBERRY LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>NOKIA CORPORATION, NOKIA<br>SOLUTIONS AND NETWORKS OY,<br>NOKIA SOLUTIONS AND NETWORK<br>HOLDINGS USA, INC., & NOKIA<br>SOLUTIONS AND NETWORKS US LLC,<br><br>Defendants. | Civil Action No. 17-cv-155-RGA |

**MEMORANDUM ORDER**

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Claims of Willful Infringement, Indirect Infringement, and Direct Infringement in Its Amended Complaint (D.I. 26). The issues have been fully briefed. (D.I. 27, 33, 38). For the reasons stated herein, Defendants' motion is **GRANTED-IN-PART**.

**I. BACKGROUND**

On February 14, 2017, Plaintiff BlackBerry Limited filed this patent infringement action against Defendants Nokia Corporation, Nokia Solutions and Networks Oy ("NSN Oy"), Nokia Solutions and Network Holdings USA, Inc. ("NSN Holdings USA"), and Nokia Solutions and Networks US LLC ("NSN US"). (D.I. 1). Nokia Corporation and NSN Oy are Finnish companies, each having its principal place of business in Finland. (D.I. 21, ¶¶ 9-10). NSN Holdings USA and NSN US are entities organized under the laws of Delaware, each having its principal place of business in Texas. (*Id.* ¶¶ 11-12). NSN Oy and NSN Holdings USA are wholly-owned

subsidiaries of Nokia Solutions and Networks B.V., which is a wholly-owned subsidiary of Nokia Finance International B.V., which is a wholly-owned subsidiary of Nokia Corporation. (*Id.* ¶¶ 10-11). NSN US is a wholly-owned subsidiary of NSN Holdings USA. (*Id.* ¶ 12).

Defendants filed a motion to dismiss Plaintiff's complaint on June 5, 2017. (D.I. 14). Plaintiff filed an amended complaint on June 26, 2017. (D.I. 21). Plaintiff's amended complaint accuses all four Nokia Defendants (collectively referred to as "Nokia"[1] throughout the amended complaint) of infringing U.S. Patent Nos. 6,996,418 ("the '418 patent"); 8,254,246 ("the '246 patent"); 8,494,090 ("the '090 patent"); 7,529,305 ("the '305 patent"); 8,861,433 ("the '433 patent"); 9,426,697 ("the '697 patent"); 9,253,772 ("the '772 patent"); 8,897,192 ("the '192 patent"); 9,125,202 ("the '202 patent"); 8,243,683 ("the '683 patent"); and 8,644,829 ("the '829 patent") owned by Plaintiff. (D.I. 21, ¶ 6). Plaintiff asserts claims of direct infringement, indirect infringement, and willful infringement against Nokia. (*E.g.*, *id.* ¶¶ 116-120, 125).

## II. LEGAL STANDARD

Rule 8 requires a complainant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows the accused party to bring a motion to dismiss the claim for failing to meet this standard. A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of

---

[1] References in this opinion to "Nokia" also refer to all four Nokia Defendants collectively.

2

action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *See Johnson v. City of Shelby*, 135 S.Ct. 346, 346 (2014).

A plaintiff must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III. DISCUSSION

#### A. Direct Infringement

The parties dispute whether Plaintiff's standards-based infringement pleading alleges sufficient facts to connect the accused products to the asserted claims. (D.I. 27, pp. 17-20; D.I. 33, pp. 18-20). I conclude that the amended complaint's infringement pleadings are adequate in this regard.

Defendants also assert that Plaintiff has not pled sufficient facts to support a direct infringement claim against any single Defendant. (D.I. 27, p. 16). Since the amended complaint combines infringement allegations against all four Defendants, referring to them collectively as "Nokia," Defendants maintain that the amended complaint "does not provide adequate notice as to each Defendant's role in allegedly infringing the patents-in-suit." (*Id.* p. 16). Plaintiff responds

3

that it has adequately charged each Defendant with conduct sufficient to support a direct infringement claim. (D.I. 33, pp. 16-17 (citing D.I. 21, ¶¶ 10-13, 67-71)).

Plaintiff's induced infringement claims and portions of the amended complaint incorporated by reference in Plaintiff's direct infringement claims allege direct infringement by NSN US and NSN Oy. (*See, e.g.*, D.I. 21, ¶¶ 67, 123, 144). I find plausible Plaintiff's claim that NSN US directly infringes. Plaintiff has alleged no facts, however, to support its claim that NSN Oy, a Finnish company, makes, uses, sells, or offers to sell the accused products in the United States. Plaintiff's unsupported allegation that, "[o]n information and belief, NSN Oy . . . oversees the Nokia Networks business unit," does not provide a sufficient factual basis to support a plausible direct infringement claim against NSN Oy, regardless of the activities of the Nokia Networks business unit. (*See id.* ¶ 10).

The amended complaint otherwise alleges direct infringement of each asserted patent by Nokia. (*E.g., id.* ¶¶ 116, 133). Plaintiff's direct infringement claims against NSN Holdings USA and Nokia Corporation appear to be based entirely on these entities' relationships to NSN US. (*See id.* ¶¶ 9, 11, 13). "[T]o state a claim based on an alleged parent-subsidiary relationship, a plaintiff would have to allege (1) the existence of a parent-subsidiary relationship, and 2) facts that justify piercing the corporate veil." *M2M Solutions LLC v. Telit Commc'ns PLC*, 2015 WL 4640400, at *3 (D. Del. Aug. 5, 2015) (citation omitted). The second condition may be satisfied by the "existence of an agency relationship between the entities where the parent effectively controls the conduct of the subsidiary." *Id.* (citation omitted). The complaint does not state facts supporting the existence of an agency relationship between any of the Defendants, nor does it state facts that justify piercing the corporate veil.

4

Therefore, I will dismiss without prejudice Plaintiff's direct infringement claims against Nokia Corporation,[2] NSN Holdings USA, and NSN Oy. I will deny Defendants' motion with respect to Plaintiff's direct infringement claims against NSN US.

## B. Willfulness

Defendants contend that Plaintiff's willful infringement claims should be dismissed for failure to adequately plead Defendants' pre-suit knowledge of the asserted patents and their infringement, and failure to adequately plead Defendants' post-suit knowledge of infringement of the asserted patents. (D.I. 27, pp. 4-6).

Having concluded that Plaintiff has adequately pled direct infringement claims against NSN US only, I consider the sufficiency of Plaintiff's willful infringement claims against NSN US only. I will dismiss without prejudice Plaintiff's pre-suit and post-suit willful infringement claims against Nokia Corporation, NSN Holdings USA, and NSN Oy.

"The subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016). *See also WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) ("Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages."). A party's pre-suit knowledge of the patent is not sufficient by itself, however, to find "willful misconduct" such that the Court can award enhanced damages. *See Halo*, 136 S. Ct. at 1936 (Breyer, J., concurring). Subjective willfulness may be found when "the risk of infringement 'was either known or so obvious that it should have

---

[2] The parties agree that Nokia Corporation exercised its option to a limited license of the '090 patent on December 23, 2013. (D.I. 42, p. 1). Plaintiff has offered to stipulate to dismiss its '090 patent infringement claims against Nokia Corporation only. (D.I. 31, p. 2).

5

been known to the accused infringer.'" *Id.* at 1930 (quoting *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc)).

I find that Plaintiff's amended complaint fails to state a claim for pre-suit willful infringement against NSN US because the complaint does not adequately plead pre-suit knowledge of the asserted patents by NSN US. Plaintiff's willful infringement claims suffer from a similar defect as the majority of its direct infringement claims—they fail to plead pre-suit knowledge by any single Defendant. *See T-Jat Sys. 2006 Ltd. v. Expedia, Inc. (DE)*, 2017 WL 896988, at *7 (D. Del. Mar. 7, 2017) ("Recent decisions in this court make clear that plaintiffs cannot combine allegations against multiple defendants."); *M2M*, 2015 WL 4640400, at *3. The majority of the allegations in the amended complaint plead pre-suit knowledge of the asserted patents by Nokia, rather than charging knowledge by NSN US. (*E.g.*, D.I. 21, ¶¶ 72-90, 108, 120-22, 125). The amended complaint also alleges pre-suit knowledge of the '305, '418, '246, and '202 patents by Nokia Siemens Networks, which "became wholly owned by the Nokia Group and was renamed Nokia Networks and Solutions on or about August 7, 2013." (*Id.* ¶¶ 91, 96, 99, 102, 104). The amended complaint fails to draw any connection, however, between Nokia Siemens Networks and NSN US. Pleading pre-suit knowledge by Nokia and Nokia Siemens Networks does not plausibly allege pre-suit knowledge by NSN US in this case. *See M2M*, 2015 WL 4640400, at *3.

I conclude that Plaintiff has adequately pled post-suit willful infringement against NSN US as of the date NSN US was served with the amended complaint. Contrary to Plaintiff's assertions, the original complaint did not adequately plead direct infringement against NSN US. (*Compare, e.g.*, D.I. 1, ¶ 67 *with* D.I. 21, ¶ 67). Plaintiff's original complaint therefore cannot support a willful infringement claim against NSN US. Since Plaintiff's amended complaint adequately pleads direct infringement of the asserted patents by NSN US, I find the amended complaint

6

sufficient to place NSN US on notice of the asserted patents and its allegedly infringing activity. (*See* D.I. 21, ¶ 67). This is sufficient to support a willful infringement claim at the motion to dismiss stage. *See DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 2d 465, 473 (D. Del. 2016) (noting that post-*Halo*, that "mere notice of the charge of infringement gleaned from service of the complaint" is sufficient for willful infringement claims to withstand a motion to dismiss).

Therefore, I will dismiss without prejudice each of Plaintiff's willful infringement claims against Nokia Corporation, NSN Oy, and NSN Holdings USA. I will also dismiss without prejudice Plaintiff's pre-suit willful infringement claim against NSN US.

### C. Indirect Infringement

Under 35 U.S.C. § 271(b), "whoever actively induces infringement of a patent shall be liable as an infringer." In order to plead induced infringement, the patentee "must show direct infringement, and that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead facts "plausibly showing that [the defendant] specifically intended [a third party] to infringe [the asserted patents] and knew that the [third party's] acts constituted infringement." *In re Bill of Lading*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). To state a contributory infringement claim, a plaintiff must plausibly allege that a defendant "offers to sell or sells within the United States or imports into the United States a component of a patented machine . . . knowing the same to be especially made or especially adapted for use in an infringement . . . ." 35 U.S.C. § 271(c).

Many of Plaintiff's induced infringement and contributory infringement claims charge conduct to Nokia. (*E.g.*, D.I. 21, ¶¶ 118, 121-22). These claims do not meet the plausibility standard. *See M2M*, 2015 WL 4640400, at *5 (dismissing contributory infringement claim as

7

"insufficiently stated" when claim stated allegations against two related entities using an "umbrella term"). A handful of Plaintiff's induced infringement and contributory infringement claims charge Nokia Corporation and NSN Oy with induced infringement and contributory infringement based solely on the parent-subsidiary relationship between these entities and NSN US. (*See, e.g.*, D.I. 21, ¶¶ 123-24). They provide no factual basis to infer that foreign entities Nokia Corporation or NSN Oy knew of the actions of NSN US, and they amount to little more than boilerplate recitations of the elements of induced infringement and contributory infringement claims. These claims thus fail to meet the plausibility standard. *See Davis*, 765 F.3d at 241. Therefore, I will dismiss each of Plaintiff's indirect infringement claims without prejudice.

I will **GRANT** without prejudice Defendants' motion to dismiss Plaintiff's direct infringement claims and post-suit willful infringement claims against Nokia Corporation, NSN Oy, and NSN Holdings USA. I will **DENY** Defendants' motion to dismiss Plaintiff's direct infringement claims and post-suit willful infringement claims against NSN US. I will **GRANT** without prejudice Defendants' motion to dismiss Plaintiff's indirect infringement and pre-suit willful infringement claims against all Defendants.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss Plaintiff's Claims of Willful Infringement, Indirect Infringement, and Direct Infringement in Its Amended Complaint is **GRANTED-IN-PART** without prejudice.

IT IS SO ORDERED.

Entered this 20 day of March, 2018.

United States District Judge

8