IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BLACKBERRY LIMITED,

    Plaintiff,

v.

NOKIA CORPORATION, NOKIA
SOLUTIONS AND NETWORKS OY, AND
NOKIA OF AMERICA CORPORATION,

    Defendants.

Civil Action No. 1:17-cv-00155-RGA

**MEMORANDUM ORDER**

Plaintiff has filed a Motion for Preliminary Injunctive Relief Limiting Arbitration that Defendants have commenced in Sweden. (D.I. 69). The Parties have fully briefed the issues. (D.I. 70, 77, 85). For the reasons set out below, Plaintiff's motion is **DENIED**.

Plaintiff argues that it is entitled to injunctive relief based on an order that I issued on March 28, 2018 ("the Order"). In the Order, I denied Defendants' motion to compel arbitration of Plaintiff's infringement claims related to U.S. Patent No. 8,494,090 ("'090 Patent") under the Federal Arbitration Act. (D.I. 70 at 1; *see* D.I. 48). I considered certain provisions of a 2003 patent licensing agreement ("PLA") to resolve that motion. For that purpose, I interpreted relevant provisions of the PLA under Delaware law. (D.I. 48 at 4). However, I noted that the PLA contains a choice of law provision requiring interpretation of the contract under Swedish law. (*Id.*; D.I. 13, Exh. 1 at § 12.1). This was meant to clarify that my Delaware law interpretation of the relevant provisions was for the limited purpose of resolving Defendants' motion to compel arbitration. (D.I. 48 at 4 (noting that the Parties had not briefed the choice of law provision and stating, "I will therefore apply Delaware contract law" to resolve the motion)).

That is, the Order did not announce a final, binding interpretation of the relevant sections of the PLA. Rather, my interpretation was limited to deciding Defendants' motion to compel arbitration—the issue that the parties had briefed.

Plaintiff's briefing on the present motion relies heavily on my Delaware law interpretation of the PLA. (*See* D.I. 70 at 10-11, 19). Based on its reading of the Order, Plaintiff argues that it meets the requirements for a preliminary injunction or, alternatively, that I should issue an injunction to preserve my jurisdiction under the All Writs Act, 28 U.S.C. § 1651. (*Id.* at 9, 18). Plaintiff's reliance on the Order is misplaced.

When the Order is properly considered, Plaintiff has not established that it is entitled to an injunction.

> [T]o obtain a preliminary injunction the moving party must show as a prerequisite "(1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured . . . if relief is not granted. . . . [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest."

*Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (alterations in original) (quoting *Del. River Port Auth. v. Transamerican Trailer Transport, Inc.*, 501 F.2d 917, 919-20 (3d Cir. 1974)). Plaintiff cannot meet this standard. The entirety of its "reasonable probability of eventual success" analysis rests on the Order and my construction of the PLA contained therein. (*See* D.I. 70 at 10-11). The Order did not announce a binding interpretation of the PLA. Therefore, it cannot establish a reasonable probability of success. Without any other analysis regarding its likelihood of success on this issue, Plaintiff's argument for a preliminary injunction necessarily fails. Thus, I will not grant Plaintiff a preliminary injunction.

Defendants' actions since the Order issued do not warrant the invocation of the All Writs Act. Under the Act, "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The All Writs Act confers on courts extraordinary powers that are firmly circumscribed." *Grider v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 328 (3d Cir. 2007) (quotation marks omitted). An injunction under the Act is not appropriate simply because another forum may reach judgment on an issue first. *Id.* at 329-30. The action "must interfere with the federal court's own path to judgment." *In re Diet Drugs*, 282 F.3d 220, 234 (3d Cir. 2002). Arbitration on issues other than the infringement of the '090 Patent will not divest me of jurisdiction to resolve this case. Accordingly, after I issued my Order, Defendants were free to seek arbitration under the PLA on issues outside the scope of the question I had resolved. From the briefing, it appears this is exactly what Defendants have done.[1] Regardless of Defendants' pending arbitration action, I will be able to adjudicate Plaintiff's infringement claim. The fact that a Swedish arbiter's decision may ultimately

---

[1] The briefing indicates that Defendants seek arbitration on several issues:

> (a) whether Nokia Corp. and its affiliates have a worldwide and royalty free license under the PLA for the lifetime of the arbitration patents (among other patents not asserted in this litigation); (b) whether Nokia Corp. is entitled to freely exercise its rights to licenses under the PLA through any Nokia affiliate, including defendant Nokia of America; (c) whether BlackBerry materially prejudiced the rights granted to Nokia Corp. and its affiliates; (d) whether BlackBerry breached the PLA by commencing this litigation; and (e) whether BlackBerry is liable to compensate Nokia Corp. and its affiliates for any and all costs, losses, and expenses suffered or incurred in defending against this litigation.

(D.I. 77 at 5-6). Notably, Defendants do not seek an arbiter's determination compelling arbitration of Plaintiff's infringement claims related to U.S. Patent No. 8,494,090.

3

preclude my determining certain issues does not amount to a divestiture of my jurisdiction to resolve the allegations at the heart of this case. Thus, Defendant's actions, which appear to be consistent with the Order, do not warrant an injunction.

Comity concerns also dictate against my enjoining the Swedish arbitration. The Third Circuit's approach to anti-suit injunctions rarely allows enjoining a foreign proceeding. *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 161 (3d Cir. 2001). "[P]arallel proceedings are ordinarily permitted to proceed simultaneously, at least until one has reached the stage where its ruling becomes *res judicata*." *Id.* at 157. A court may impose an anti-suit injunction in rare circumstances to protect its jurisdiction or to further an important public policy. *Bro-Tech Corp. v. Thermax, Inc.*, 2007 WL 2597618, at *3 (E.D. Pa. Sept. 4, 2007). "Vexatiousness, harassment, or inconvenience to the parties are usually insufficient grounds upon which a court may enjoin a foreign parallel proceeding." *Id.* Comity concerns stand at the forefront of the analysis. *Id.* Furthermore, "there likely exists a requirement that the action in the enjoining court will be dispositive of the enjoined suit." *TQ Delta, LLC v. ZyXEL Commc'ns, Inc.*, 2018 WL 2932728, at *3 (D. Del. June 12, 2018). Here, Plaintiff argues that I should issue an injunction to protect my jurisdiction over this case and to further the public policy of protecting patent rights. (D.I. 70 at 17-18). As I explain more fully above, the Swedish arbitration will not divest me of the ability to resolve Plaintiff's infringement claims. Moreover, Plaintiff fails to explain how the Swedish arbitration possibly impedes the public policy of protecting patent rights. I have no reason to believe the Swedish arbiters will ignore Plaintiff's patent rights in resolving the case. Because the arbitration does not threaten my jurisdiction or public policy, the circumstances of this case are not akin to the rare instances where an anti-suit injunction

4

against a foreign proceeding is appropriate. Thus, comity concerns, even if they are diminished in the context of arbitration,[2] support denying the request to enjoin the Swedish arbitration.[3]

Accordingly, Plaintiff is not entitled to an injunction and its Motion for Preliminary Injunctive Relief Limiting Arbitration (D.I. 69) is **DENIED.**

Entered this 31 day of October, 2018.

                                                           *[signature]*
                                                           United States District Judge

---

[2] It is not clear how significant comity, a doctrine concerned with deference to foreign governments, is in the context of international arbitration. However, the Supreme Court has indicated that comity and other important concerns favor respect for international arbitration. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 629 (1985) ("[C]oncerns of international comity, respect for the capacities of foreign and transnational tribunals, and sensitivity to the need of the international commercial system for predictability in the resolution of disputes require that we enforce the parties' agreement, even assuming that a contrary result would be forthcoming in a domestic context.").

[3] Moreover, the injunction Plaintiff seeks would impose the awkward burden of my Delaware law interpretation of certain provisions of the PLA on a Swedish forum which is tasked with applying Swedish law to the document as a whole.